Argued May 5, affirmed September 12, 1978

CONNOLLY, *Respondent,*
*v.*
BRESSLER, *Appellant.*
(TC 76-4769, SC 25429)
583 P2d 540

George A. Burgott of Thwing, Atherly & Butler, Eugene, argued the cause for appellant. On the brief was Samuel G. Wilson, Eugene.

William F. Frye of Frye, Speer & Smith, Eugene, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

This is an action for personal injuries arising out of an automobile accident. Defendant Bressler appeals from a judgment for plaintiff entered pursuant to a jury verdict.

The statement of facts is taken from defendant Bressler's brief. Five young men went "road hunting" for grouse in a pickup truck belonging to Bressler's uncle, who had allowed Bressler to use it. All five, including plaintiff and his brother Mike, got drunk while hunting. Upon returning from hunting, Bressler turned the truck over to Wilt, one of the five, and left to take his girl riding on Wilt's motorcycle, saying he would meet them later at a designated place.

Plaintiff and his brother Mike wanted to return home for a family dinner for Mike, who was on leave from the Marines. Mike had passed out in the back of the pickup. On the way to the brothers' home, Wilt stopped at a tavern, leaving the keys to the truck in the ignition. Plaintiff got out of the truck to visit some friends parked nearby. Mike regained consciousness and went to the tavern to get Wilt to take him home, but Wilt said to wait until he finished his beer. Mike then went back to the truck, got in the driver's seat, and started to drive away. Plaintiff, noticing this, and knowing that Mike was too drunk to drive, ran over, jumped in the bed of the truck, and started pounding on the cab while yelling for his brother to stop. Within a short distance the pickup left the road, turned over, and plaintiff received the injuries for which he recovered from Bressler.

Bressler's first assignment of error is the trial court's failure to grant him a directed verdict on the ground that there was insufficient evidence for a jury to find that any acts of his "proximately" caused plaintiff's injuries. Plaintiff alleged that Bressler, in entrusting his vehicle to Wilt, knew or in the exercise of reasonable care should have known that Wilt was intoxicated.

[ 267 ]

■ There was sufficient evidence for the jury to find that turning over the truck to one who was drunk for his use was contrary to community standards and therefore blameworthy, and that said act was a cause in fact of the accident and of plaintiff's injuries. Even so, there remains the additional question of whether defendant's actions in turning over the truck fall within the scope of those acts whereby he can be held legally responsible for plaintiff's injuries. This type of question speaks to "proximate causation," which this court treats as part of the definition of negligence.[1] Resolution of the question is usually determined by whether the harm was "foreseeable," *i.e.,* whether the actual harm caused was of the general kind to be anticipated from the blameworthy act. *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 606-10, 469 P2d 783 (1970). If it was, liability results even though the particular manner of the injury could not be anticipated.

The explanation dictates the answer. If a vehicle is turned over to one of a bunch of drunken youths for their use, the likelihood of a wreck and resultant injuries is sufficiently probable to be "foreseeable." The bizarre manner of the occurrence does not prevent the accident from falling into the general category of risk reasonably to be anticipated. Therefore, we conclude that Bressler's action in turning over the vehicle to Wilt was a "proximate cause" of plaintiff's injuries.

■ The only other assignment of error is the giving of the following instruction:

"It is not necessary that either defendant Bressler or defendant Wilt should have had notice of the particular manner in which the accident would occur, *if the possibility of an accident was clear to a reasonably prudent*

---

[1] We use "proximate causation" because the issue was so designated by defendant. We do not condone the use of this term which tends to confuse the issue of whether defendant's conduct was a substantial factor in producing plaintiff's injury with whether plaintiff's injury was a foreseeable consequence of defendant's actions which is a part of the negligence concept. See specially concurring opinion of O'Connell, J., in *Dewey v. A. F. Klaveness & Co.,* 233 Or 515, 519, 379 P2d 560 (1963).

[ 268 ]

*person.* It is sufficient if it appears that the act of Bressler in allowing the use of his pickup by Wilt * * * *would probably result in injury of some kind to some one, even though the exact manner in which it occurred could not have been foreseen.*" (Emphasis added.)

Bressler contends the instruction was erroneous because of the words "if the possibility of an accident was clear to a reasonably prudent person." He argues the impropriety of the instruction is that "the standard for foreseeability is not bare possibility, but probability or substantial likelihood."

Trial courts continue to get into trouble by giving requested instructions. However, in the present case we believe the instruction as a whole was not so garbled as to be misunderstood or to require reversal. Contrary to defendant's contention that the final part of the instruction "in no way limits the effect of the first [part of the] instruction" and "does not indicate that the result *must* be probable," we conclude that any error was corrected by the words "It is sufficient if it appears that the act * * * would probably result in injury of some kind to some one, even though the exact manner in which it occurred could not have been foreseen." We recognize that defendant's contention is correct as a highly technical and exact usage of the English language. We believe it is highly unlikely, however, that this fine distinction or nuance made any difference in the jury's verdict.

The judgment of the trial court is affirmed.