# PRATT,
*Appellant,*

*v.*

# ST. MARIE, et al,
*Respondents.*

## (No. A7701-00914, CA 13110)

609 P2d 411

Dwight Ronald Gerber, Portland, argued the cause for appellant. With him on the briefs was Keith D. Skelton, Portland.

James H. Gidley, Portland, argued the cause for respondents Joseph D. St. Marie, Hilma St. Marie and Erin F. St. Marie. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

No appearance for respondent Brian Booth.

THORNTON, J.

## THORNTON, J.

This is a personal injury action in which the trial court directed a verdict in favor of the defendants. Plaintiff appeals from the judgment order and two evidentiary rulings by the trial court. Only the St. Maries appeared on appeal.

Defendants St. Marie were the owners and operators of a Portland rooming house. Plaintiff was shot while attempting to assist Hilma St. Marie, the landlady, and a tenant, Brian Booth, in evicting Robert Robertson, another tenant. Plaintiff alleged that his injuries were caused by the negligence of the defendants in that defendants failed to warn plaintiff of the previous belligerent behavior of Robertson which preceded the shooting.

The thrust of defendants' defense was that the evidence did not place any or all of the defendants on notice as to Robertson's dangerous propensities and therefore defendants did not conduct themselves in an unreasonable or imprudent manner, nor were they required to notify plaintiff about Robertson.

The circumstances which led up to the shooting were as follows: Defendant Booth, who was also a tenant of the rooming house, had been having some sort of arguments with defendant Robertson. Booth and Hilma St. Marie, the landlady, became agitated and frightened of Robertson, who manifested some "belligerent behavior" around the premises. They asked Robertson to leave. He refused. They first telephoned the police to come and evict Robertson. The police refused, saying that it was a civil matter. After some discussion Booth then went to a nearby bowling alley, hiring plaintiff and another man named Kropp to come back and "help move" Robert Robertson out of defendants' building. Nothing was said about any previous difficulties with Robertson or the telephone call to the police. All returned to the rooming house. Booth

introduced Kropp and plaintiff to Hilma St. Marie and defendant Robertson in the kitchen. Although reluctant to move, Robertson apparently finally consented to leave. He then went upstairs, presumably to pack his belongings. Hilma St. Marie handed Robertson's rent money to plaintiff, who had remained in the kitchen, asking plaintiff to return it to Robertson. Plaintiff and Kropp shortly followed Robertson upstairs, went to his door and asked if he had his belongings ready to move. Robertson opened his door and opened fire with a pistol, critically wounding plaintiff and killing Kropp.

Under all the circumstances, there was evidence from which a jury could find that it was reasonably foreseeable that Robertson would resist this impromptu eviction and would physically resist it, and that some injury might result.

It is our conclusion from the above that a jury could find that defendants were under a duty to warn plaintiff of the previous problems with Robertson, and of Robertson's previous belligerent behavior and disagreeable propensities and the likelihood that he would resist the planned eviction. It was not necessary for defendants to be aware of the specific threat that Robertson presented to plaintiff.

Taking all of the above in a light most favorable to plaintiff, as we must do on motion for directed verdict, it was error to grant defendant's motion for a directed verdict. *Dewey v. A. F. Klaveness & Co.,* 233 Or 515, 379 P2d 560 (1963). *See also Connolly v. Bressler,* 283 Or 265, 583 P2d 540 (1978); *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 469 P2d 783 (1970). *Cf. Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978).

Reversed and remanded.

**TANZER, J.,** dissenting.

The trial court found that there was no evidence that defendant had reason to expect that Robertson

had a propensity for violent behavior and, accordingly, concluded that there was no legal duty to warn plaintiff of such a propensity. There was evidence of prior emotional behavior of Robertson, but nothing more. The fact that defendant, an older woman, asked for help, does not indicate that she feared violence. Rather, it showed only that she, along with plaintiff, knew that the use of force might become necessary in any eviction situation. I believe the trial court ruling was correct.

Campbell, J., joins in this dissent.