Argued and submitted June 8, reversed and remanded September 12, 1984

# DeLASSIO,
*Appellant,*

*v.*

# GARCIA et al,
*Defendants,*

*v.*

# PROGRESSIVE CASUALTY CO.,
*Intervenor-Respondent.*

## (80-38403; CA A29482)

687 P2d 808

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs were Burt, Swanson, Lathen, Alexander & McCann, Salem.

J. P. Harris, II, Salem, argued the cause and filed the brief for intervenor-respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This litigation began as a negligence action to recover damages for personal injuries arising out of a collision between a vehicle operated by plaintiff and a vehicle operated by defendant Leopoldo Garcia (Leopoldo) and owned by his brother, defendant Antonio Garcia (Antonio). A default judgment was entered against Leopoldo; it is not appealed. A judgment based on stipulated facts was entered in favor of Antonio; it also is not appealed. After the court's rulings in favor of Antonio, but before the judgment was entered, Antonio's insurer, Progressive Casualty Co. (Progressive), intervened and petitioned for a declaratory judgment to resolve a question of liability insurance coverage.[1] The trial court granted Progressive's motion for summary judgment, and plaintiff appeals. We reverse.

We take the facts from the pleadings and supporting documents. The allegations of plaintiff's complaint are that, in 1978, Leopoldo, while driving a vehicle owned by Antonio, negligently caused a collision with plaintiff's vehicle, resulting in personal injuries to plaintiff. It is alleged that Antonio "negligently allowed Leopoldo to operate the vehicle." Leopoldo defaulted, and a judgment was entered against him in 1982. Following that action, plaintiff's claim for negligent entrustment against Antonio was set for trial. The trial court made certain pretrial evidentiary rulings which were adverse to plaintiff. As a result, plaintiff's claim was tried on an oral stipulation to the court:

"Relative to the Plaintiff's case, number one, that defendant, Antonio Garcia would testify that he thought his brother was the driver of the car involved in the accident between Leopoldo Garcia and plaintiff;

"Number two, Antonio Garcia would testify his brother was allowed to use the car one previous time and with the expressed permission of defendant, Antonio Garcia;

"Third stipulation is that the brother was an illegal alien;

"Fourth stipulation would be that defendant Antonio Garcia would testify he didn't believe that his brother carried liability insurance;

---

[1] Antonio and Progressive were represented by the same attorney.

"Fifth stipulation was that Antonio Garcia would testify that his brother did not possess a valid Oregon driver's license.

"And last stipulation on the part of the plaintiff's case would be that *the keys to the vehicle owned by defendant Antonio Garcia were hung on a wall inside the house, and that defendant Leopoldo Garcia had access to those keys.*

"On behalf of the defendant, our stipulation between counsel is that we would prove, one, the defendant, Leopoldo Garcia possessed a Mexican driver's license, and that was within the awareness of defendant Antonio Garcia.

"Our second stipulation on behalf of defendant is that *there was no permission given from defendant Antonio Garcia to his brother Leopoldo to drive the car on the day of the accident.*

"And finally, Antonio Garcia would testify that he was unaware of any bad driving habits possessed by his brother, and he was further unaware of any incompetency of his brother to drive the car on the date of the alleged accident." (Emphasis supplied.)

On the basis of the stipulation, the trial court found that "plaintiff has failed to sustain his burden of proof on the question of liability" and granted judgment in favor of Antonio. There were no special findings of fact, and the decision of the trial court has the same effect as a general verdict. ORCP 62F.

Progressive's petition for declaratory judgment alleges that it insured Antonio and that Leopoldo was not covered under the permissive use provisions of the policy. Plaintiff denied that there was a lack of coverage and counterclaimed for payment of the judgment against Leopoldo on the basis that he was a permissive user.

Progressive moved for summary judgment on the basis of *res judicata,* claiming that the judgment in Antonio's favor foreclosed further litigation on the issue of whether Leopoldo was a permissive user under the policy. Plaintiff argued that a finding that Antonio was not negligent did not necessarily resolve the issue of permissive use under the policy. The court and counsel discussed the issue.

"THE COURT: Well, I am not interested in reaching any dollar recovery. It is more basic than that. See, the judgment

order that was entered here is hereby ordered that based upon the stipulation of facts entered into between counsel, the Court hereby dismisses with prejudice plaintiff's claim for relief as against Antonio Garcia —

"[PLAINTIFF'S COUNSEL]: Right.

"THE COURT: — and awards Antonio Garcia costs. Now I made a disposition insofar as Antonio is concerned. In other words, he has no liability here because he never gave any permission.

"[PLAINTIFF'S COUNSEL]: Okay, but, Your Honor, what I am saying, I did not understand you to be saying that when you rendered your judgment.

"THE COURT: Let's carry it one step further. For whatever reason I granted judgment in favor of Antonio with prejudice and dismissed the claim as to him, under what possible theory would his insurer be liable for Leopoldo's act?

"[PLAINTIFF'S COUNSEL]: Because his insurer in that particular case would be responsible for Leopoldo's acts because he was a permissive user of the car. Now, I can concede what you are saying is that you reached the decision that you have ruled on that Antonio did not give permission to use it, but it was not my understanding when you rendered your judgment, based on the fact I had — I sued Antonio under a theory of negligent entrustment, you had necessarily reached the factual determination he was not a permissive user.

"THE COURT: Entrustment, inherent in entrustment is permission. If I am going to find there was no entrustment, of necessity I must find there was no permission.

"[PLAINTIFF'S COUNSEL]: Your Honor, but there are more elements to the tort of entrustment, to the negligent entrustment, than just the permission.

"THE COURT: That is an essential element.

"[PLAINTIFF'S COUNSEL]: Yes.

"THE COURT: If one essential element is missing, the whole thing falls apart.

"[PLAINTIFF'S COUNSEL]: I understand what you are saying. But when we — when we rendered a judgment in this particular case, 'I find for the defendant Antonio Garcia,' I don't know, and I can't guess necessarily whether or not you

are ruling against me because of the fact that you are saying he didn't give permission to use it, or he was not negligent in entrusting it to the individual.

"THE COURT: Inherent in the judgment is that there was a failure of proof as to an essential element. So what difference does it make which of the two it is?

"[PLAINTIFF'S COUNSEL]: Because in the one case I would still be able to recover under the permissive use theory, and the other one I would not.

"THE COURT: I see what you are saying.

"[PLAINTIFF'S COUNSEL]: It wasn't made clear in the judgment, so, I am assuming that I still have right of access through the permissive use case.

"[DEFENDANTS' COUNSEL]: Except that in his original complaint, all Mr. McCann said on behalf of Mr. DeLassio was that the defendant Antonio Garcia negligently allowed Leopoldo Garcia to use the car. Then when you make a finding that, 'No, he did not negligently let his brother use the car,' then you find there is no permissive use."

Following that discussion, the trial court granted the motion for summary judgment and entered a judgment in favor of Progressive. The gist of plaintiff's position on appeal is that Progressive failed to prove that the issue of "permissive use," as it applies to the question of insurance coverage, was either actually or necessarily decided in plaintiff's action against Antonio, and that, even if Progressive made a sufficient showing, it would be unjust to collaterally estop plaintiff in this proceeding.

■    The judgment in favor of Antonio on the claim for negligent entrustment provides in part:

"It is hereby ordered that based upon the stipulation of the facts entered into between counsel, the court hereby dismisses with prejudice plaintiff's claim for relief as against Antonio Garcia."

The central question is whether Progressive is entitled to summary judgment based on the judgment in favor of Antonio. Although Progressive argues this question as one of *res judicata,* it is more accurately a matter of collateral estoppel, or, in the language of the Restatement (Second) Judgments, "issue preclusion." Under that doctrine, when an issue is actually litigated and its determination is essential to the judgment in one case, the decision on the issue is conclusive between the same parties and those in privity with

them in later cases. In most circumstances the decision is also conclusive against the losing party in cases involving parties who were strangers to the previous judgment. *Jones v. Flannigan,* 270 Or 121, 124, 526 P2d 543 (1974); *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970); Restatement (Second) Judgments, §§ 27, 29 (1980). The requirements for collateral estoppel are met in this case if the judgment in favor of Antonio actually decided the issue of permissive use.[2]

■■     Because the court, in granting judgment to Antonio, made no findings of fact, Progressive must show that the issue of permissive use was necessary to the judgment. It has not done so. As plaintiff's counsel points out, there are two essential elements of a negligent entrustment action: an entrustment and that the entrustment was negligent. *See Connolly v. Bressler,* 283 Or 265, 583 P2d 540 (1978). There is evidence in the stipulation in the case against Antonio from which the court could have found that, even if Antonio had impliedly permitted Leopoldo to use his car, that permission was not negligent. Antonio's stipulated testimony is that Leopoldo had a Mexican driver's license and that Antonio had no reason to think that Leopoldo was a negligent driver. The issue of permissive use was therefore not necessary to the judgment, and plaintiff is not collaterally estopped on this basis to litigate it.

■     Progressive also asserts that plaintiff, in stipulating that Antonio did not give Leopoldo permission to drive the car on the day of the accident, essentially stipulated that Leopoldo was not a permissive user. We do not read the stipulation so broadly. Even ignoring the issue of whether the stipulation was limited to what Antonio would say if called as a witness, the stipulation excludes only *explicit* permission to use the car. According to the stipulation, Antonio would also testify that he had previously allowed Leopoldo to use the car and that the keys to the car were hung on a wall where Leopoldo had access to them. That testimony could lead to an inference that Antonio had *implicitly* permitted Leopoldo to use the car when he desired, including the day of the accident.

---

[2] Because of the procedural posture of this case, and the fact that we are dealing with collateral estoppel, the general principle of *res judicata* as discussed in *Office Services Corp. v. CAS Systems, Inc.,* 63 Or App 842, 666 P2d 297, *rev den* 295 Or 773 (1983), do not apply.

To read the stipulation as Progressive would have us read it would be to hold that plaintiff stipulated himself out of court both on the negligent entrustment claim and on the issue of permissive use under the insurance policy. We are not inclined, without a better showing, to believe that a party would knowingly give up the only apparent theory on which it could actually recover damages.

On this record plaintiff has the right to litigate the issue of permissive use in an action against Progressive. The court erred in granting summary judgment.

Reversed and remanded.