Argued and submitted December 15, 1986, affirmed March 11, reconsideration denied April 10, petition for review denied May 27, 1987 (303 Or 454)

NICHOLE Y. BATTEN,
*Appellant,*

*v.*

CORRECTIONS DIVISION,
*Respondent.*

(147,231; CA A38538)

733 P2d 915

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff claims that defendant Corrections Division (Division) negligently reduced the custody classification of defendants Huffer and Smith,[1] which resulted in their transfer to a minimum security facility and their subsequent escape and assault on plaintiff. The trial court granted Division's motion for a directed verdict on the grounds that plaintiff had failed to present any evidence of negligence and that it is immune from liability under ORS 30.265(3)(c),[2] because any alleged negligence involved discretionary acts. Judgment was entered for Division. Plaintiff appeals. We affirm.

■     We first address the issue of immunity under ORS 30.265(3)(c), because it is dispositive. When applying ORS 30.265(3)(c), "the inquiry is whether the function in question involves the exercise of * * * governmental or policy discretion." *Stevenson v. State of Oregon,* 290 Or 3, 14, 619 P2d 247 (1980). "The question of immunity is not whether the function as a whole involves 'room for policy judgment' but whether the defendant had been delegated responsibility for a policy judgment and exercised such responsibility in the act or omission alleged to constitute the tort." *Bradford v. Davis,* 290 Or 855, 865, 626 P2d 1376 (1981), *citing McBride v. Magnuson,* 282 Or 433, 437, 578 P2d 1259 (1978). Decisions that simply implement or apply policy are not immunized. *Hendricks v. State of Oregon,* 67 Or App 453, 456, 678 P2d 759, *rev den* 297 Or 228 (1984).

In some circumstances, it is clear from a description of the decision in question that discretion was necessarily involved; in others, no determination about immunity is possible until it is known how the particular decision was made. *Hendricks v. State of Oregon, supra,* 67 Or App at 456. Plaintiff

---

[1] Huffer and Smith (inmate defendants) were in the custody of the Corrections Division. A separate judgment was entered as to them, and they are not parties to this appeal.

[2] ORS 30.265(3)(c), part of the Oregon Tort Claims Act (OTCA), provides:

"(3) Every public body * * * [is] immune from liability for:

"* * * * *

"(c) Any claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Defendant is a "public body" within the meaning of the OTCA.

contends that Division is not immune from liability for its allegedly negligent reduction in custody classification of inmate defendants, because the decisions involved merely routine ministerial applications of compulsory procedures. Division argues that the decisions involved the discretionary exercise of judgment for which the legislature intended tort immunity under ORS 30.265(3)(c). We agree with Division.

An examination of the statutes and administrative rules which govern individual custody determinations indicates that some aspects of those decisions are nondiscretionary and that others involve the discretionary exercise of judgment. We, therefore, must look to how the decisions were made in order to determine whether Division is immune from liability for making them. A discussion of the statutes and rules aids that determination.

The legislature has imposed on Division the duty to supervise the management and administration of penal and correctional institutions and to accept the custody of persons committed to its jurisdiction by Oregon courts. ORS 423.020(1)(a) and (b). It is required to maintain certain institutions as penal and correctional facilities. ORS 421.605 to ORS 421.705. It is also authorized to establish and operate work camps for minimum custody inmates, such as the one to which inmate defendants were transferred. ORS 421.490. It has the sole authority to determine an inmate's place of confinement. *See* ORS 137.124(1) and (2). In order to carry out its programs and responsibilities, Division's assistant director has been delegated broad authority to promulgate rules for its own administration and that of its institutions, schools, programs and services. ORS 423.060.

Under that authority, rules to establish degrees of custody for inmates have been adopted. OAR 291-103-005 to OAR 291-103-040. The procedures under those rules

"are intended to ensure that each person sentenced to the custody of [one of defendant's] confinement facilit[ies] is individually afforded the amount of supervision necessary to account for their [*sic*] whereabouts, provide reasonable protection to the general community and allow each individual to exercise independent responsibility commensurate with his/her demonstrated ability." OAR 219-103-005.

Those procedures create two distinct types of decisions for the

custody review committee. The first is a mechanistic, non-discretionary decision that determines the degree of supervision for which an inmate is eligible. A "master matrix chart" is used, which is based on the three factors of crime category, criminal history risk score and number of months before scheduled release. OAR 291-103-025. After the initial determination of eligibility under the matrix, the second decision requires that several factors be considered to determine whether to grant an inmate reduced custody status.

> "[T]he final decision to increase/decrease a classification will be determined on the basis of one or all of the three (3) following aggravating or mitigating criteria:
>
> "1. Established Performance Record and Demonstrated Ability to Handle Responsibility:
>
> "* * * * *
>
> "2. Family Ties and Interpersonal Relationships:
>
> "* * * * *
>
> "3. Views of the Public and/or Other Criminal Justice Agencies * * *." OAR 191-103-030.

The rules expressly provide that the presence of *any* aggravating criterion "*may* be sufficient reason to deny a reduction in custody and/or cause an increase to a more restrictive category than provided in the matrix." OAR 291-103-030. (Emphasis supplied.) Similarly, the rules expressly provide that the presence of *any* mitigating criterion "*may* be sufficient reason to grant a reduction to a lower level of custody and at a time earlier than is indicated by the matrix." OAR 291-103-030. (Emphasis supplied.) If an inmate's custody classification differs from that suggested by the matrix, the reasons for the difference must be given to the inmate in writing. OAR 291-103-035.

Thus, although certain aspects of Division's decision involve no discretion, others involve broad discretion. The actual decision as to whether an inmate is granted reduced custody involves the discretionary exercise of judgment by Division within the confines of the rules. Those rules are not so rigid that a certain result must follow if Division finds that certain conditions exist. Division has the discretion to reduce custody status even when aggravating circumstances exist, if it concludes that those circumstances are outweighed by one

or more mitigating factors. In making that decision, it performs the delegated responsibility for assessing and ranking the policy objectives in OAR 291-103-005, *supra,* and judging that its custody decision will advance those policies. We cannot say that Division's decisions involve only the ministerial application of the rules. *Cf. Dizick v. Umpqua Community College,* 287 Or 303, 599 P2d 444 (1979) (discretionary function immunity denied when college representatives misled student about availability of important course material and equipment); *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979) (discretionary function immunity denied for clerk's failure to ascertain whether licensee had required insurance before issuing taxicab license).

The evidence shows that Division followed the procedures in the rules and considered the aggravating and mitigating circumstances concerning inmate defendants. Plaintiff does not contend otherwise. The trial court did not err in granting a directed verdict to Division.

Because we affirm the directed verdict on the issue of immunity under ORS 30.265(3)(c), we need not decide the other issues raised by this appeal.

Affirmed.