# PAGE,
*Appellant,*

*v.*

# SPARLING et al,
*Defendants,*

*and*

# STATE OF OREGON,
*Respondent.*

(144,008, CA A38756)

741 P2d 535

A. Carl Myers, Salem, argued the cause for appellant. With him on the brief was Ramsay, Stein, Feibleman & Myers, P.C., Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this wrongful death action, plaintiff appeals from a judgment in favor of defendant State of Oregon. The primary issue is whether the state is immune from liability under ORS 30.265(3)(c), the "discretionary function" exception to liability under the Tort Claims Act. We hold that the state is not immune and reverse.

In March, 1983, plaintiff's decedent died from injuries suffered when a car driven by defendant Sparling struck a car that decedent was driving. Sparling was intoxicated. He was driving a car provided to him by the Workers' Compensation Department (department) as part of a vocational rehabilitation program in which he was enrolled as the result of a compensable back injury. Sparling's agreement with the department required him to insure the car. At the time of the accident, the car was not insured. His medical records indicate that he had used alcohol and drugs to ease his back pain. His driving record, before the department provided him the car, shows four suspensions for failure to appear, two driving while suspended convictions and one "no driver's license" conviction. He was convicted of an open container violation after he received the car.

Plaintiff's complaint alleges negligence and negligent entrustment claims against the state. In the negligence claim, plaintiff alleges that the state was negligent in failing to (1) limit the use of the car to employment or rehabilitative purposes, (2) instruct in the proper use of the car, (3) regulate the permissible use and operation of the car, (4) restrict the use of the car if the motor vehicle laws were violated, (5) monitor Sparling's compliance with the motor vehicle and financial responsibility laws, (6) monitor Sparling's compliance with the agreement and (7) fully investigate Sparling's drinking habits. In the negligent entrustment claim, plaintiff alleges that the state knew or had reason to know that Sparling was a potentially dangerous driver, that it was foreseeable that he would drive under the influence of intoxicants and that the state was therefore negligent in entrusting him with a vehicle. The trial court granted the state summary judgment on both claims. Pursuant to ORCP 67B, judgment was entered in favor of the state. On appeal, plaintiff argues that it was error to grant summary judgment, because the state is not immune

and because there are genuine issues of material fact as to both claims.

■ ■     ORS 30.265(3)(c) provides that a public body is immune from liability for "[a]ny claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." "Discretionary function" is a term of art; it does not include all governmental acts which involve making a choice, but only acts which involve the exercise of governmental or policy discretion. In *Bradford v. Davis,* 290 Or 855, 865, 626 P2d 1376 (1981), the court explained:

> "The question of immunity is not whether the function as a whole involves 'room for policy judgment' but whether the defendant had been delegated responsibility for a policy judgment and exercised such responsibility in the act or omission alleged to constitute the tort."

In some circumstances, it is clear from a description of the decision in question whether governmental discretion was involved; in others, we must examine how the particular decision was made. *Batten v. Corrections Division,* 84 Or App 242, 244, 733 P2d 915, *rev den* 303 Or 454 (1987). The state has the burden of establishing immunity. *Little v. Wimmer,* 303 Or 580, 588, 739 P2d 564 (1987).

■     In the negligence claim, plaintiff alleges that the state was negligent in *failing* to take certain steps. In *Little v. Wimmer, supra,* the state argued that it was immune from liability for an accident allegedly caused by the state's failure to remedy a dangerous condition of the highway and to warn of the condition. The court replied:

> "First, as we stated in *Stevenson* [*v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980)], '[t]he burden is on the state to establish its immunity. * * * [E]vidence of how the decision was made is necessary.' 290 Or at 15. The state acknowledges in its briefs on appeal that the issue in this case is 'the [state's] continuing *non-decision* during the most recent ten year period.' (Emphasis added.) If it is a continuing *non-decision* which is in issue, then clearly the state has not met its burden to establish its immunity. In the absence of evidence that the decision was made as a policy judgment by a person or body with governmental discretion, the decision is not immune from liability." 303 Or at 588.

The same reasoning applies here, and the state is not immune from liability on the negligence claim.

Whether the state is immune from liability on the negligent entrustment claim is not so clear. *Former* ORS 656.728[1] provides that the director of the department *may* provide by rule for vocational rehabilitation of workers injured on the job and *may* expend rehabilitation reserve funds for that purpose. In other words, the legislature has delegated to the director the responsibility for deciding whether and how to rehabilitate workers. By rule, the director has decided *to* rehabilitate but has delegated the authority to determine *how* to rehabilitate individual workers. *See former* OAR 431-61-300(8)(a); *former* OAR 436-61-110(4).[2] The affidavits, depositions and exhibits submitted in support of and in opposition to the motion for summary judgment indicate that Sparling's counselor initially requested the vehicle, that a vocational coordinator recommended approval to her supervisor, that the supervisor approved it but could not authorize a purchase in excess of $1,000 and that she forwarded the request to a regional manager of the Field Services Division, who authorized the purchase.

■　　We do not believe that the decision to give Sparling a car involved an exercise of governmental discretion. The policy judgment came in the director's decision to have a rehabilitation program of the sort included here. Once that decision was made, the department's sole responsibility is to implement it, for instance by determining how to get Sparling to his rehabilitation classes. If routine decisions such as that fit within the "discretionary function" exception, then the

---

[1] Unless otherwise noted, all references to former statutes and rules are to statutes and rules in effect in 1982, when the department supplied the car to Sparling.

[2] *Former* OAR 431-61-300(8)(a) provides that "[t]he department *shall* purchase such items as *may* be necessary to return the worker to work * * *." (Emphasis supplied.) *Former* OAR 436-61-110(4) provides:

"The following services *may* be purchased * * * as part of vocational assistance programs.

"* * * * *

"(g)　Transportation allowance * * *.

"* * * * *

"(m) Any other assistance deemed necessary by the Administrator to practicably and economically assist a worker to return to work." (Emphasis supplied.)

state is immune from liability for virtually any act that it does. We conclude that the decision to provide Sparling a car did not involve the kind of discretionary exercise of judgment for which the legislature intended tort immunity.

■ The state argues that, even if it is not immune, the trial court properly granted summary judgment, because the state does not owe defendant a duty. The Supreme Court has explained that

"broadly phrased arguments over 'duty' in common-law negligence tend to turn into a disputed rule of law what properly is a determination of the ordinary issues of negligence liability: whether defendant's conduct caused a foreseeable kind of harm to an interest protected against that kind of negligent invasion, and whether the conduct creating the risk of that kind of harm was unreasonable under the circumstances. The existence and magnitude of the risk at the intersection in question bear on the foreseeability of harm; the feasibility and cost of avoiding the risk bear on the reasonableness of defendant's conduct. Both clearly are empirical questions. We do not mean that they must in every case be submitted to a jury; in an extreme case a court can decide that no reasonable factfinder could find the risk foreseeable or defendant's conduct to have fallen below acceptable standards." *Donaca v. Curry County*, 303 Or 30, 38, 734 P2d 1339 (1987).

This is not an extreme case. Plaintiff alleges that the department knew or had reason to know that Sparling was a potentially dangerous driver who might drive while under the influence of intoxicants. A reasonable jury could find it foreseeable that entrusting a car to such a person or failing to restrict the car's use or monitor the person's compliance with motor vehicle laws or other standards of care might cause an accident. We cannot say that no reasonable jury could find that the state's conduct fell below acceptable standards. It was error to grant the state's motion for summary judgment.

Reversed and remanded.