Argued and submitted March 16, affirmed October 28, 1992, reconsideration denied
January 13, petition for review pending 1993

## Wanda Jean ALLISON
### and Kenneth Allison,
*Appellants,*

*v.*

## Jeffrey KLEINMAN
### and Harley Roberts,
*Respondents.*

### (A8702-01288; CA A66368)

840 P2d 109

Michael L. Williams, Portland, argued the cause for appellants. With him on the opening brief was Williams, Troutwine & Bowersox, P.C., Portland, and with him on the reply brief was Williams & Troutwine, P.C., Portland.

Frank R. Hilton, Jr., argued the cause for respondent Kleinman, and John R. Barker argued the cause for respondent Roberts. With them on the brief were Schwab, Hilton & Howard and Bittner & Barker, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiffs appeal a judgment dismissing claims in their amended complaint on the ground that the Statute of Limitations had expired. They contend that the court erred by dismissing those claims with prejudice, because they relate back to claims that were timely filed in their original complaint. We affirm.

■      In reviewing a motion to dismiss, we assume that the facts alleged and any facts that might be adduced as proof of them are true. *Madani v. Kendall Ford, Inc.*, 312 Or 198, 201, 818 P2d 930 (1991); *Machunze v. Chemeketa Community College*, 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991).

Plaintiffs filed a complaint for professional negligence against accountant Roberts and attorney Kleinman in February, 1987. They alleged that they had employed defendants to advise them on the sale of equipment that they owned to their business, Paper Transportation Specialists (PTS), in June, 1984. They also alleged that defendants advised them on the sale of PTS to Edy Road Trucking (Edy) at the same time. Defendants assured plaintiffs that they were fully secured by taking a security interest in the stock of PTS. PTS and Edy filed for bankruptcy in 1985, and the PTS stock became worthless. Plaintiffs alleged that defendants were negligent in failing to advise them to take a security interest in the unencumbered assets of PTS in addition to their security interest in the company's stock.

Plaintiffs filed an amended complaint in March, 1988, and repeated their allegation that defendants had negligently failed to advise them to take a security interest in the assets of PTS. They also alleged that defendants negligently failed to detect that plaintiffs and PTS had not paid federal fuel excise taxes for several years and that defendants "fail[ed] to advise plaintiffs that they or PTS should have been paying federal fuel excise taxes on a regular basis prior to June, 1984." Defendants moved to dismiss the new allegations on the ground that the complaint stated a new cause of action that was barred by the Statute of Limitations. The court dismissed the new allegations with prejudice and dismissed the reiterated allegations without prejudice.

■        Plaintiffs contend that the new allegations relate back to the negligence claim in their original complaint, because defendants' failure to advise them about the excise fuel taxes arose from the same transaction. ORCP 23C.[1] We disagree. Plaintiffs' original complaint described a transaction in which defendants allegedly created inadequate security interests. Plaintiffs contend that the amended complaint simply added another specification on their claim of "professional negligence in advising plaintiffs prior to and during the sale of their business." That argument might be plausible if the complaint had alleged that defendants had assumed an expansive scope of responsibility in negotiating the sale of plaintiffs' business to Edy.

However, neither version of the complaint suggested that defendants' role in the transfer involved anything more than creating a security interest to assure the purchasers' performance. Plaintiffs have not articulated how the new allegations of negligence are related to the transaction that created their security interest in the PST stock. They have not identified a nexus that would have allowed defendants to discern from the original complaint that the additional allegations would be asserted later. *Caplener v. U.S. National Bank*, 112 Or App 401, 831 P2d 22 (1992).

The new allegations in the amended complaint do not relate back to the original complaint, and they are barred by the Statute of Limitations. The court correctly dismissed them with prejudice.

Affirmed.

---

[1] ORCP 23C provides, in part:

"Whenever [a] claim or defense asserted in [an] amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."