Argued and submitted October 30, 1992, judgment for defendant Federated reversed and remanded; judgment in favor of defendant Carlson Chevrolet affirmed July 28, reconsideration denied October 13, petition for review denied October 26, 1993
(318 Or 25)

Michael A. MATHEWS,
*Appellant,*

*v.*

FEDERATED SERVICE INSURANCE COMPANY,
*Respondent.*

(9008-05231; CA A71037 (Control))

Michael A. MATHEWS,
*Appellant,*

*v.*

CARLSON CHEVROLET COMPANY,
*Respondent.*

(9104-02484; CA A71041)
(Cases Consolidated)

857 P2d 852

Stephen C. Hendricks, Portland, argued the cause for appellant. With him on the briefs was Zack M. Lorts, Oregon City.

Stuart D. Jones, Portland, argued the cause for respondents. With him on the brief were I. Franklin Hunsacker, Ronald E. Bailey and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Plaintiff was injured when he was struck by an automobile owned by defendant Carlson Chevrolet and insured by defendant Federated Service Insurance (Federated). Plaintiff filed a complaint against Federated for declaratory judgment and to enforce Carlson Chevrolet's insurance contract with Federated. He also filed a complaint against Carlson Chevrolet for negligent entrustment. The trial court granted Federated's motion for summary judgment, granted Carlson Chevrolet's motions to dismiss and entered judgments of dismissal in both cases. Plaintiff appeals. We reverse the summary judgment in favor of Federated and affirm the judgment in favor of Carlson Chevrolet.

██ In his first assignment of error, plaintiff contends that the court erred by granting Federated's motion for summary judgment. Federated had the burden of demonstrating that there was no disputed issue of material fact and that it was entitled to judgment as a matter of law. ORCP 47C; *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991). In reviewing the court's summary judgment, we view the facts in the light most favorable to plaintiff, the party who opposed the motion. *McCabe v. State of Oregon*, 314 Or 605, 608, 841 P2d 635 (1992).

Stanley Carlson is the owner of Carlson Chevrolet. His son, Jerry, works for Carlson Chevrolet and sold a Corvette to his friend, Ghiglieri, in mid-1988. On November 16, 1988, Ghiglieri came to Carlson Chevrolet and told Jerry that he wanted to rent a car to drive to California, because he did not want to put so many miles on his Corvette. Ghiglieri told Jerry that he wanted his girlfriend, Hutchinson, to drive the car. Jerry knew that Ghiglieri was 22 years old at the time and that Hutchinson was younger. Jerry told Ghiglieri that Hutchinson should not drive the car, because she was under 25 years old, and "there was a 25-years-of-age deal on it."

In his deposition, Ghiglieri testified:

"I told [Jerry] that I was not going to be driving the vehicle, and he indicated that he wasn't supposed to know that, that 'I don't know this, but, you know, just take it and get out of here,' basically.

"And so I said, 'Where do I sign?' And I signed [the contract.]

"I said that [Hutchinson] was going to be driving the car. He said, 'I don't know that, so don't tell me that. * * * I said, again, I wasn't going to be driving the car and I was getting it for [Hutchinson]."

Jerry's deposition testimony indicates that he did not agree to allow Hutchinson to use the car. He testified:

"I told him, if he wanted to [have a car for Hutchinson to drive], he would have to give her the Corvette to drive and use the rental car to go to California with it; and I stuck with it until he got it in his head, until I knew that he understood what I meant.

"* * * * *

"Q. Did he specifically ask for a Camaro?

"A. He wanted a sporty-type car.

"Q. For his girlfriend?

"A. No, no. For him to drive, because he was going to California."

Ghiglieri signed a "Car Rental Agreement" form without reading it and took the car. The form includes these terms:

"(3) Renter agrees * * * not to operate the automobile beyond the boundaries of the State of Oregon.

"(4) Permission to drive and use the vehicle is limited exclusively to renter, unless written consent of Carlson Leasing is endorsed hereon.

"* * * * *

"(11) The vehicle described * * * shall not be operated * * * by any person under the age of twenty-five (25) years."

The next day, as Hutchinson drove the car, she struck plaintiff, a Washington County Sheriff's deputy who was investigating a traffic accident. Plaintiff, who was seriously injured, sued Hutchinson and obtained a judgment against her. Plaintiff agreed not to enforce his judgment against Hutchinson. In exchange, she assigned to him all her rights of recovery against any person, including Federated, "having any responsibility or liability for the judgment [against her]."

Carlson Chevrolet is insured by Federated under a "Garage Coverage" policy. The insurance policy contains an exclusions section, which provides:

"This insurance does not apply to any of the following:

"* * * * *

"7. LEASED AUTOS

"Any covered 'auto' while leased or rented to others. But this exclusion does not apply to a covered 'auto' you rent to one of your customers while their 'auto' is left with you for service or repair."

The trial court granted Federated's motion for summary judgment on the grounds that Hutchinson had used the car without Carlson Chevrolet's permission, that Carlson Chevrolet leased or rented the car to Ghiglieri and that the insurance contract excluded coverage for leased cars.

Plaintiff contends that there are disputed issues of material fact concerning whether Carlson Chevrolet leased the car to Ghiglieri, whether Carlson Chevrolet gave permission for Hutchinson to drive its car and whether the "LEASED AUTO" exclusion applies to the transaction between Carlson Chevrolet and Ghiglieri. Plaintiff also contends that the "LEASED AUTO" exclusion violates Oregon's Financial Responsibility Law.[1]

Plaintiff contends that, even if there is a lease, the "LEASED AUTO" exclusion in the insurance policy is invalid, because that exclusion violates Oregon's Financial Responsibility Law. ORS 806.080(1) provides, in part:

"A motor vehicle liability insurance policy used to comply with financial responsibility requirements under ORS 806.060 must * * * include in its coverage all persons who, with the consent of the named insured, use the motor vehicles insured under the policy, except for any person specifically excluded from coverage under ORS 742.450."[2]

---

[1] There is also some question about the authenticity of the "Car Rental Agreement" form. Federated attached a copy of the rental form to its Amended Answer. That copy did not have the insurance box checked. Federated attached a copy of the rental form, as an exhibit, to its motion for summary judgment. The insurance box is checked on that copy.

[2] Federated has never contended that the "Garage Coverage" policy is not a "motor vehicle liability insurance policy used to comply with financial responsibility requirements under ORS 806.060." ORS 806.080.

In *Viking Ins. Co. v. Peterson,* 308 Or 616, 784 P2d 437 (1989), the Supreme Court wrote:

> "We interpret [the Financial Responsibility Law] to require every motor vehicle liability insurance policy issued in this state to provide for statutory minimum limits of coverage. * * * The policy must cover not only the named insured but also must provide coverage for all persons who operate the insured vehicle with the consent of the insured." 308 Or at 621.

Federated suggests that the use of an automobile pursuant to a lease does not constitute "permissive" use. Oregon courts have not directly addressed that issue. In *Fagg v. Massachusetts B. & I. Co.,* 142 Or 358, 19 P2d 413 (1933), the court held that a transferee who has an unrestricted and irrevocable right to possess and control a car does not have "consent" to use the car.

■ In contrast, the rights of a lessee may be restricted both temporally and in the manner of use. In *Mission Ins. Co. v. Guarantee Ins. Co.,* 37 Wash App 695, 683 P2d 215 (1984), the court concluded, "use of a vehicle pursuant to a lease does constitute permission."[3] 37 Wash App at 698. In *Royal Indemnity Co. v. Olmstead,* 193 F2d 451 (9th Cir 1951), the court observed:

> "[The insurer] admitted that the vehicle in question was rented to [the driver] and that the rental agreement was in effect on the day of the accident. This situation establishes consent on the part of the owner. * * * [P]ermission to use and drive [a car] is implied in the rental agreement." 193 F2d at 454.

Other courts have reached the same conclusion, and we find their reasoning to be persuasive. *See Royal Indemnity Co. v. Markley,* 116 Colo 84, 178 P2d 672 (1947); *Helvy v. Inland Mutual Insurance Company,* 132 SE2d 912 (W Va 1963).

■■ We hold that the granting of an automobile lease constitutes "consent" within the meaning of ORS 806.080(1). A "motor vehicle liability insurance policy used to comply with financial responsibility requirements under

---

[3] For the purposes of an omnibus clause, the terms "consent" and "permission" are synonymous. *Fagg v. Massachusetts B. & I. Co., supra,* 142 Or at 368.

ORS 806.060" must therefore provide coverage when a covered vehicle is leased to another person. The "LEASED AUTO" exclusion in the insurance policy is invalid to the extent that it would deny coverage in the minimum amount required by the Financial Responsibility Law. *Collins v. Farmers Ins. Co.*, 312 Or 337, 343-47, 822 P2d 1146 (1991). Accordingly, we read this policy as including the required coverage.

The transfer of the car from Carlson Chevrolet to Ghiglieri was consensual, regardless of whether the transfer constituted a lease under Oregon law. Consequently, we need not decide whether the transfer was a lease. The issue then, is whether the transfer to Ghiglieri included consent to Hutchinson's use of the car.

■ Federated contends, and the trial court apparently agreed, that Carlson Chevrolet did not consent to Hutchinson's use of the car. The "Car Rental Agreement" purported to limit consent to Ghiglieri, because Carlson Chevrolet did not endorse the form to grant permission to anyone else. Federated contends that the written form establishes the terms of the agreement between Carlson Chevrolet and Ghiglieri.[4] However, the fact that the parties signed a "Car Rental Agreement" form does not necessarily establish that they intended to integrate the terms of an oral agreement into a written lease. *Nat. Cash Reg. Co. v. I.M.C., Inc.*, 260 Or 504, 509, 491 P2d 211 (1971).

■ Ghiglieri's and Jerry's deposition testimony conflict over whether Jerry understood that Ghiglieri would allow Hutchinson to drive the car. Consequently, the court could have granted Federation's motion for summary judgment only if Ghiglieri and Jerry intended the "Car Rental Agreement" to be an integrated contract. In reaching its decision, the court was required to make findings of historical fact and to determine the legal effect of those facts. *Wescold, Inc. v.*

---

[4] ORS 41.740, the parol evidence statute, provides in part:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, [and] no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute."

*Logan International, Ltd.*, 120 Or App 512, 519-20, 852 P2d 960 (1993).

 Because the court did not make any express findings, we must presume that it implicitly found that the parties intended the written form to constitute an integration of their agreement. We are bound by that finding if there is evidence to support it. 120 Or App at 520. We conclude that the record does not support that finding. The form indicates that no person under 25 years of age was to operate the car. No party disputes that Jerry knew that Ghiglieri, the renter, was 22 years old. The form indicates that the car was not to be taken outside the State of Oregon, but no one disputes that Ghiglieri told Jerry that he wanted to rent the car *because* he did not want to drive his own car to California. No one disputes that Ghiglieri signed the form without reading it. No one disputes that Stanley Carlson, the owner of Carlson Chevrolet, was unaware of many of the terms in the "standard form." The parties were either unaware of, or did not intend to be bound by, the terms that happened to be in that form. They could not possibly have intended it to constitute an integration of their agreement.

What we are left with is the conflicting testimony in Ghiglieri's and Jerry's depositions. Ghiglieri's testimony, if believed, would allow the inference that Jerry acquiesced, and thereby consented, to Hutchinson's operation of the car. Jerry's testimony indicates that he made it clear to Ghiglieri that Hutchinson was not to drive the car. There is a genuine issue of material fact: whether the transfer of the car from Carlson Chevrolet to Ghiglieri included permission for Hutchinson to drive the car. That is a question that can only be answered by the factfinder. The court erred by granting Federated's motion for summary judgment.

 In his second assignment of error, plaintiff contends that the court erred by granting Carlson Chevrolet's ORCP 21A(8) motion[5] to dismiss his negligent entrustment claim. A court may grant a pre-trial motion to dismiss under ORCP 21A(8) only if the complaint, on its face, fails to state a claim.

---

[5] ORCP 21A provides, in part:

"[T]he following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim[.]"

*Parks v. Willis*, 121 Or App 72, 74, 853 P2d 1336 (1993). A plaintiff in a negligent entrustment claim must prove that there was an entrustment and that the entrustment was negligent. *Delassio v. Garcia*, 69 Or App 693, 699, 687 P2d 808 (1984). For the purpose of reviewing the court's dismissal, we assume that plaintiff's allegations and any facts that might be adduced as proof of them are true. *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992); *Allison v. Kleinman*, 116 Or App 34,36, 840 P2d 109 (1992).

Plaintiff alleged that Hutchinson's negligent operation of the car caused the accident that injured plaintiff. He also alleged:

"6.

"The vehicle involved in the accident was a 1986 Chevrolet Camaro owned by Carlson Chevrolet.

"7.

"Carlson Chevrolet was negligent in allowing the vehicle to leave its control and custody in one or more of the following particulars:

"a) In providing the vehicle to Mark Ghiglieri when he was under 25 years of age, when the rules and regulations of Carlson Chevrolet provided that no one under the age of 25 could use a vehicle, and it was foreseeable that Mark Ghiglieri would allow another to drive the vehicle, who was also under the age of 25;

"b) In providing the car to Mark Ghiglieri with the understanding that he was going to provide the vehicle to Angela Dawn Hutchinson, when Carlson Chevrolet knew or should have known that Angela Dawn Hutchinson was an inexperienced or dangerous driver."

There is no question that the complaint alleges that Carlson Chevrolet entrusted the car to Ghiglieri. The question is whether that entrustment was negligent. Plaintiff does not allege that there was a "special relationship" between plaintiff and Carlson Chevrolet. *See Buchler v. Oregon Corrections Div.*, 316 Or 499, 504, 853 P2d 798 (1993). Plaintiff was therefore required to allege that Carlson Chevrolet's entrustment was unreasonable under the circumstances, that it caused harm to plaintiff and that the risk of harm to plaintiff (or the class of persons to whom he belongs)

was reasonably foreseeable. 316 Or at 516; *Fuhrer v. Gearhart By The Sea, Inc.*, 306 Or 434, 437, 760 P2d 874 (1988).

■■ Plaintiff asserts that Carlson Chevrolet's own rule against renting cars for use by persons under 25 years of age establishes the standard of care to which Carlson Chevrolet must be held. We disagree. In Oregon, a person may obtain a driver's license at the age of 16. ORS 807.060(1). If a 16-year-old can lawfully drive a car, a person may entrust a car to a driver who is that age or older without being negligent. Carlson Chevrolet was free to change its rules regarding the age of persons who could drive its rental cars, and it was free to make exceptions to its rule. Without more, an allegation that a person entrusted a car to a person who is under 25 cannot state a claim for negligent entrustment. The court correctly struck paragraph 7(a) of plaintiff's complaint and dismissed that part of his claim.

Plaintiff alleged in paragraph 7(b) that Carlson Chevrolet knew or should have known that Hutchinson was a dangerous driver:

> "Including the words 'knew or should have known' in a complaint does not automatically satisfy the requirement of foreseeability. * * * An allegation that a defendant knew something may be an allegation of fact, but an allegation that [the defendant] should have known something is merely a conclusion drawn from other facts. When a plaintiff claims that a risk was foreseeable, though not necessarily foreseen, the plaintiff must allege facts that would allow the factfinder to conclude that the defendant should have known of the risk." *Moore v. Willis*, 307 Or 254, 259, 767 P2d 62 (1988).

■ Plaintiff's allegation that *Carlson Chevrolet should have known* that Hutchinson was a dangerous driver was nothing more than a conclusion that could only have been drawn from other facts. Plaintiff did not allege any facts that would have permitted that conclusion.

The more difficult question is the sufficiency of plaintiff's allegation that *Carlson Chevrolet knew* that Hutchinson was a dangerous driver. We faced a similar question in *Page v. Sparling*, 87 Or App 118, 741 P2d 535, *rev den* 304 Or 547 (1987). In that case, the Workers' Compensation Department had provided an automobile to a person who was enrolled in a vocational rehabilitation program. The driver was involved in

an accident, and the plaintiff filed a negligent entrustment claim against the state. We concluded:

"Plaintiff allege[d] that [the defendant] knew or had reason to know that [the driver] was a potentially dangerous driver who might drive while under the influence of intoxicants. A reasonable jury could find it foreseeable that entrusting a car to such a person * * * might cause an accident." 87 Or App at 123.

In isolation, that conclusion might suggest that plaintiff's allegation is sufficient.

■ However, our conclusion in *Page* is tempered by the Supreme Court's observation that "[a]n allegation that a defendant knew something *may* be an allegation of fact." *Moore v. Willis, supra*, 307 Or at 259. (Emphasis supplied.) We are persuaded that an allegation that a defendant knew about a dangerous condition must be accompanied by "claimed facts showing defendant's knowledge of unreasonable risk of danger." *Buchler v. Oregon Corrections Div., supra*, 316 Or at 511. Our decision in *Page* is consistent with that conclusion. In that case, medical records indicated that the driver used drugs and alcohol to ease his back pain, that he had two driving while suspended convictions and that he had been convicted of violating the open container law. The plaintiff in *Page* alleged that the state knew or should have known about the driver's record and his drug and alcohol use, because the state provided the car to him for use in a rehabilitation program and it therefore had a duty to investigate his driving record.

■ In contrast, plaintiff has not alleged any facts that would support an inference that Hutchinson was a dangerous driver, nor did plaintiff allege that Carlson Chevrolet had a duty to investigate her driving record. In the absence of those predicate allegations, an allegation that a defendant knew about a dangerous condition is conclusory and insufficient. The court did not err by striking paragraph 7(b) and dismissing plaintiff's negligent entrustment claim against Carlson Chevrolet.

Judgment for defendant Federated reversed and remanded; judgment in favor of defendant Carlson Chevrolet affirmed.