WILFORD, *Appellant,*

*v.*

CRATER LAKE MOTORS, INC., *Respondent.*

(No. 75-2567-L-3, SC 24636)

561 P2d 1027

William H. Ferguson, Medford, argued the cause for appellant. With him on the briefs was Robert H. Grant of Grant, Ferguson & Carter, Medford.

Joe B. Richards of Luvaas, Cobb, Richards & Fraser, Eugene, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Howell, and Davis, Justices.

DAVIS, J., Pro Tempore.

**DAVIS, J.,** Pro Tempore.

This is a personal injury claim arising out of an accident that occurred on Highway 230 near Union Creek, Oregon, between a vehicle operated by the plaintiff and a pickup truck owned by the defendant corporation and operated by Donald Pratt, an employe of the defendant.

Pratt was joined as a party defendant, but after the trial court had granted a summary judgment in favor of the defendant, a judgment of dismissal in favor of Pratt was entered, based upon a "compromise" between plaintiff and Pratt. The trial judge, after reviewing the depositions of James Coleman, manager of defendant, Donald Pratt, Everett Wolfe, a passenger in the defendant's truck at the time of the accident, the affidavit of plaintiff's attorney, and the pleadings, granted a summary judgment in favor of defendant on the basis that Pratt was not within the course and scope of his employment at the time of the accident. Plaintiff appeals; this court affirms.

■ Plaintiff contends that the testimony of the witnesses did not rebut the inference that Pratt was within the course of his employment at the time of the accident, and that it was for a jury to determine this question. An inference of agency does arise when an employe is driving his employer's vehicle at the time of the accident.

■ Before the entry of a summary judgment, the trial judge is required to find that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1]

The record before us is in the same posture as that reviewed by the trial judge. It discloses that the defendant is an Oregon corporation operating a Ford dealership in Medford, Oregon. Pratt was the new truck sales manager for the defendant; his duties

[1]ORS 18.105.

included the sale of vehicles. It was the policy of defendant to permit its managers to use a company vehicle on trips outside of company business, provided, however, that they were excluded from the defendant's liability insurance policy. The company requested that the managers carry their own policy for their protection.

In early December of 1973 Pratt and Everett Wolfe, the branch manager of American Linen Supplies' Medford plant, left Medford in a demonstrator pickup truck owned by defendant for a pheasant hunt in Idaho. Before leaving, Pratt bound this vehicle over to his own insurance company. He was "docked" vacation time by the defendant for five days. This was the second year that Wolfe and Pratt had taken such a trip. All of the gasoline used was paid for by Wolfe's employer and charged as a business expense. While in Caldwell, Idaho, Pratt and Wolfe hunted ducks and pheasants during the day and in the evening spent time at their motel, which had a bar and a band. While in Boise, both of these individuals were entertained at the City Club by the manager of the American Linen Company. Wolfe testified that his company sponsored the pheasant hunt. The accident occurred on December 8, 1973, while Pratt and Wolfe were returning to Medford.

The evidence further discloses that through the efforts of Wolfe, American Linen and others in its employ, including Wolfe, had purchased vehicles from defendant before the accident, and at least two Ford trucks were purchased by American Linen after the accident. Wolfe testified that during the year in question, or the previous year, Pratt sold to the Boise plant of American Linen a speed control unit for one of its trucks. This company also did business with the defendant by supplying linens and towels.

Plaintiff raises the same questions that were presented to this court in the case of *Palmer v. Van Petten Lbr. Co.,* 265 Or 347, 509 P2d 420 (1973),

[ 712 ]

contending that there was no evidence available for plaintiff to contradict the testimony of Pratt, Coleman, and Wolfe, and since they were business associates and close friends it was for the jury to determine the credibility of their testimony.

As was stated in *Palmer v. Van Petten Lbr. Co.,* supra at 360:

> "We have, then, as we had in *Judson v. Bee Hive Auto Service Co., supra,*[2] evidence of a bailment, uncontradicted by any evidence adduced by plaintiff. The jury could not have concluded on a rational basis that Lovely was in the course of his employment for defendant at the time of the accident."

We conclude that Pratt was not in the course of his employment for the defendant at the time of the accident, and, this being a material fact, the defendant is entitled to a judgment as a matter of law.

Affirmed.

---

[2] *Judson v. Bee Hive Auto Service Co.,* 136 Or 1, 294 P 588, 297 P 1050, 74 ALR 944 (1931).