Argued and submitted May 14, 1999, affirmed January 26, 2000

### Larry MILLER,
*Appellant,*

*v.*

### SALEM MERCHANT PATROL, INC.,
*Respondent.*

### (96C-14206; CA A100735)

995 P2d 1206

Victor C. Pagel argued the cause and filed the briefs for appellant.

Thomas W. Brown argued the cause for respondent. With him on the brief were Sherrill L. Dye and Cosgrave, Vergeer & Kester.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

On summary judgment, the trial court ruled that defendant Salem Merchant Patrol, Inc., was not vicariously liable for its employee's assault on plaintiff. The court accordingly entered judgment in defendant's favor. We affirm.

Because this case arises on defendant's summary judgment motion, we state the facts in the light most favorable to plaintiff. *See Olson v. F & D Publishing Co., Inc.*, 160 Or App 582, 584, 982 P2d 556 (1999). Defendant provides private security services to clients within the Salem area. Among other things, its uniformed officers patrol clients' premises, inspect clients' properties, and respond to clients' security alarms. Defendant's officers are provided with a marked company car for use in their work. Defendant maintains a manual that sets out the procedures for its employees to follow in performing their work.

On December 24, 1994, one of defendant's employees, James Lessaos, went to a client's home in Salem. After inspecting that client's home, Lessaos began driving south on Lansing Avenue to his next account. As he was driving south, Lessaos noticed plaintiff driving north on Lansing. Because of plaintiff's erratic driving, Lessaos suspected that plaintiff was driving under the influence of intoxicants. Plaintiff turned left onto Chester Street, and Lessaos followed him. As Lessaos later explained at his deposition, "I felt I was doing what a good citizen would do, uhm, but I didn't—it wasn't, if you're asking, in the scope of my duties to be making arrests like that, it wasn't, no."[1]

Plaintiff drove into a private driveway, and Lessaos pulled up and parked his car behind plaintiff's, preventing him from leaving. Lessaos got out of his car, identified himself as a private security officer, and attempted to prevent plaintiff from leaving his car because he believed that plaintiff had been driving under the influence of intoxicants. Plaintiff's wife told Lessaos that he was not a police officer and that he had no right to be on their property. She asked

---

[1] Defendant did not have an account on Lansing or Chester Street "at or near the location" where Lessaos later blocked plaintiff's car.

him either to leave or to let them to go into their house until the Salem police arrived. A fight between plaintiff and Lessaos ensued, which ended with Lessaos macing plaintiff and his family.

Afterwards, Lessaos' supervisor "thoroughly chastised" him. Lessaos could not remember exactly what his supervisor said "but I remember he chewed me out for making it, what was I doing there, it wasn't our account, kind of deal." Lessaos, for his part, filed a workers' compensation claim for injuries that he sustained during the fight. Defendant's workers' compensation insurer denied the claim because Lessaos was "not in the course and scope of [his] employment at the time of the alleged injury."[2]

Plaintiff sued defendant, alleging that Lessaos had assaulted him and that defendant was vicariously liable for the assault. Defendant moved for summary judgment on the ground that Lessaos was not acting in the course and scope of his employment when he assaulted plaintiff. Defendant submitted the evidence discussed above to show that none of the three requirements for finding vicarious liability set out in *Chesterman v. Barmon*, 305 Or 439, 442, 753 P2d 404 (1988), was present.

Before the trial court, plaintiff's response was limited to two propositions. First, his counsel submitted an affidavit stating that he had retained an expert whose testimony would create an issue of fact as to whether Lessaos was acting within the course and scope of his duties.[3] Second, at oral argument on defendant's motion, plaintiff explained:

> "if you just look at it from their side, you can see that a fact finder could look at this and see that it is susceptible of more than one inference, and it's certainly equally susceptible to the inference that the person is acting in the course and scope of his duties at the time he decides to perhaps be a hero on behalf of Salem Merchant Patrol, be a do-gooder, whatever his motivation was."

---

[2] There is no evidence in the record that Lessaos asked the Workers' Compensation Board to review the insurer's determination.

[3] Plaintiff did not submit any other evidence to contradict the evidence defendant had submitted.

Plaintiff added that defendant's manual states that its employees "have the authority to make a citizen's arrest, and that's what [Lessaos] did." Given the parties' arguments, the trial court granted defendant's summary judgment motion and entered judgment in defendant's favor.

On appeal, plaintiff does not argue that his counsel's affidavit created an issue of material fact. Rather, he asks us to reverse the trial court's ruling primarily because, in his view, the preamble to defendant's policy manual is ambiguous. Before turning to that issue, we first explain why the trial court correctly resolved the issues that plaintiff raised below and pursues on appeal. We then explain why the remaining issues he raises on appeal were not preserved.

At the hearing on defendant's summary judgment motion, plaintiff argued generally that the facts were susceptible to more than one inference. In resolving that question, the dispositive issue is whether Lessaos was acting within the course and scope of his employment when he stopped plaintiff—*i.e.*, when he blocked plaintiff's car in the driveway and attempted to restrain plaintiff until the police arrived. If he were, then plaintiff would have a colorable claim on summary judgment that defendant was also vicariously liable for the assault that allegedly grew out of that stop. *See Fearing v. Bucher*, 328 Or 367, 977 P2d 1163 (1999); *Bray v. American Property Management Corp.*, 164 Or App 134, 988 P2d 933 (1999) (on remand). If, however, Lessaos was not acting within the course and scope of his employment when he stopped plaintiff, then plaintiff has no basis for holding defendant vicariously liable for the assault that followed. *See Fearing*, 328 Or at 376-77 (the fact that "the employment brought the tortfeasor and the victim together in time and place and, therefore, gave the tortfeasor the 'opportunity' to commit the assaults" is insufficient to impose vicarious liability); *G.L. v. Kaiser Foundation Hospitals, Inc.*, 306 Or 54, 757 P2d 1347 (1988).

Three requirements must be met for the stop to be within the scope of Lessaos' employment. *Chesterman v. Barmon*, 305 Or at 442. First, the stop must have been within the time and space limits authorized by Lessaos' employment. *Id.* Second, Lessaos must have been motivated, at least

in part, by a purpose to serve defendant. *Id.* Third, the act must be of a kind that defendant hired Lessaos to perform. *Id.*

■ We need not decide whether Lessaos was within the time and space limits authorized by his employment. Even if he were, the second and third *Chesterman* requirements were not met in this case. *See Thomas v. Dyer,* 151 Or App 546, 555-56, 950 P2d 390 (1997), *rev den* 327 Or 432 (1998) (granting directed verdict for defendant where second *Chesterman* requirement was not present). On the second requirement, the record does not show that Lessaos was motivated by a purpose to serve defendant when he stopped plaintiff. To be sure, plaintiff's counsel speculated at trial that Lessaos wanted "to perhaps be a hero on behalf of Salem Merchant Patrol, be a do-gooder, whatever his motivation was." Defendant, however, introduced Lessaos' testimony that he was acting as a good citizen, not on behalf of defendant. Plaintiff neither introduced nor identified any contrary evidence.

■ On the third requirement, defendant's president testified that stopping plaintiff was not part of the job Lessaos was hired to perform. Although plaintiff observed at trial that defendant's policy manual states that defendant's employees are authorized to make a citizen's arrest, the existence of that authority says nothing about when defendant expected its employees to exercise it. The objections plaintiff raised below provide no basis for questioning the trial court's ruling.

■ On appeal, plaintiff argues primarily that the preamble to defendant's policy manual is ambiguous. Plaintiff claims that a juror reasonably could infer from the preamble that defendant authorized its employees to combat crime regardless of where the crime occurred or whether it had any connection to the private clients defendant served.[4] Plaintiff's

---

[4] The preamble to defendant's policy manual states:

"Objectives

"1. *Primary Objective*

"Due to the unachieved goal of a crime free society, private security has come into great deman[d]. Our primary objective is to assist our clients achieve this unreached goal by the protection we give them and their property. By

reading of the preamble is difficult to square with defendant's stated policy objective, as well as its own commercial goals. The initial question, however, is whether plaintiff preserved this objection below. Plaintiff told the trial court that summary judgment should not be granted because his counsel had retained an expert, but he did not tell the trial court that the preamble to the policy manual could be read to authorize Lessaos' acts.[5]

The Supreme Court has explained that "for purposes of preserving error, it is essential to raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised." *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998) (summarizing *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988)). *Stevens* illustrates the court's application of that rule. In *Stevens*, the defendant had objected to a witness' testimony on the ground that it was "mere quasi psychiatric or psychological evidence, which is really nothing more than profile evidence." 328 Or at 123. He had not told the trial court, however, that the evidence was not admissible as scientific evidence. *Id*. When the defendant raised the latter objection on appeal, the Supreme Court held that he had not preserved that issue. The court explained that "[t]he trial court was entitled to be told that, in defendant's view, it was

doing this we do deter criminal acts. We are not police officers, but private citizens attempting to help protect our clients and the general public from all criminal acts.

"2. *Functional Objective*

"Customer service is our main functional objective. Every employee should make sure while in the performance of their duties to give every assigned client the best service possible. To note deficiencies in our service and have it immediately corrected."

(Some capitalization omitted.)

[5] Plaintiff also argues on appeal that the fact that Lessaos filed a workers' compensation claim implies that, at least in Lessaos' view, he was acting within the course of his employment when he stopped plaintiff. Plaintiff reasons that this implied assertion contradicts Lessaos' deposition testimony that he was only acting as a good citizen when he stopped plaintiff. Not only is the factual dispute that plaintiff identifies limited to the second *Chesterman* requirement (and thus has no bearing on the third requirement), but plaintiff also failed to raise this objection at trial. As explained below, the general objection that plaintiff raised at trial was not sufficient to preserve this issue for appeal and it suffers from the same problem as plaintiff's reliance on the preamble.

committing error by admitting evidence that did not satisfy the legal standards applicable to scientific evidence." *Id.*

The same reasoning applies equally here. In this case, the "relevant issue" plaintiff seeks to raise on appeal is what the preamble to defendant's policy means. He never told the trial court, however, that in his view the preamble provided a basis for saying that defendant's private security force were public crime fighters. To be sure, plaintiff did raise a general objection that defendant's evidence was susceptible to more than one inference. But plaintiff cannot convert his lack of specificity at trial into a basis for raising new objections on appeal. To paraphrase the court's decision in *Stevens*, the trial court was entitled to be told that, in plaintiff's view, it was committing error by granting summary judgment because the preamble created an issue of fact. Given plaintiff's objections below, the trial court did not err in granting defendant's summary judgment motion.

Affirmed.