Argued and submitted March 28, affirmed October 3, 2001

STATE OF OREGON,
*Appellant,*

*v.*

EARL L. JACKSON,
*Respondent.*

9906-33948; A107976

33 P3d 340

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Louis R. Miles, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

KISTLER, J.

**KISTLER, J.**

Before trial, defendant moved to suppress statements that he had made to police officers. He claimed that the officers had violated Article I, section 12, and the Fifth Amendment. The trial court ruled that the officers had not violated Article I, section 12, but that they had violated the Fifth Amendment. The state appeals, arguing that the court erred in interpreting the Fifth Amendment. Defendant cross-assigns error, arguing that the court erred in interpreting Article I, section 12. We conclude that the state failed to preserve the theory it advances on appeal and affirm the trial court's order.[1]

On May 26, 1999, defendant was arrested for, among other things, violating the conditions of his parole. At defendant's arraignment that morning, the following colloquy occurred:

"CLERK:   Court is now in session, the Honorable R.E. Cinninger presiding.

"JUDGE:   Good morning ladies and gentlemen. Please be seated.

"COUNSEL:   Good morning, your honor.

"JUDGE:   Ms. Brown.

"COUNSEL: Heidi Brown, Metropolitan Public Defender's office. At this time I'd like to reserve rights on behalf of all defendants arraigned today. We'd reserve the right to move against the charging instrument, file notices of defense, reserve the right to move against Ballot Measure 11 where applicable and Senate Bill 936, invoke all rights under the Oregon and United States Constitutions, specifically the right to counsel and silence, asking if the DA office will agree to the application and reservation of rights.

"DISTRICT ATTORNEY:   Yes.

"COUNSEL:   Okay. Thank you. Note the time is 9:25."

When the bailiff called defendant's name, counsel was appointed to represent defendant. Counsel entered a plea of

---

[1] Given our disposition of this case, we limit our discussion to the federal constitutional issue raised by the state's appeal.

not guilty on defendant's behalf and "reserve[d] all rights entered at 9:25 on the record."

Approximately four hours later, while defendant was still in custody, two police officers questioned him about an unrelated robbery that they were investigating. Before asking any questions, the officers advised defendant of his *Miranda* rights, which he waived by signing a *Miranda* warnings card. The interrogation lasted 26 minutes. Initially, defendant denied any involvement in the robbery; however, when pressed and confronted with evidence obtained by the officers, defendant admitted taking $200 from the victim.

Defendant was charged with the robbery, and he moved to suppress all the evidence obtained as a result of the officers' interrogation. At the hearing on the motion to suppress, defendant argued that, under *Arizona v. Roberson*, 486 US 675, 108 S Ct 2093, 100 L Ed 2d 704 (1988), once he asserted his Fifth Amendment right to counsel through his attorney at the arraignment, he could not be reapproached and questioned regarding any offense. It followed, he concluded, that his later waiver of his rights was invalid. *See also McNeil v. Wisconsin*, 501 US 171, 176-77, 111 S Ct 2204, 115 L Ed 2d 158 (1991) (summarizing Fifth Amendment principles).

The trial court observed that *Roberson* appeared to be controlling and asked the state how it distinguished that case.[2] In distinguishing *Roberson*, the state did not argue that, if defendant had personally invoked his Fifth Amendment right to counsel at arraignment, the invocation would have been ineffective. Rather, the state argued that the invocation was ineffective because defendant's lawyer had attempted to invoke on defendant's behalf. The state reasoned: "*Roberson* is inapplicable to this situation, because what happened in *Roberson* this defendant invokes and, Your Honor, in this case we have invocation by a lawyer who hasn't even met the client yet."[3]

---

[2] Because the state had not filed a written response to defendant's motion, its response is limited to the argument that it made at the hearing.

[3] The trial court and the state engaged in a lengthy colloquy. The state summarized its position at the end of that discussion:

Defendant's counsel pointed out that counsel had reasserted defendant's Fifth Amendment rights after she had been appointed to represent defendant, and the state did not dispute that she had in fact done so. The trial court ruled that defendant's attorney could and had invoked her client's right to counsel under the Fifth Amendment at arraignment and that that invocation barred any further questioning unless defendant himself reinitiated or his counsel was present. *See McNeil*, 501 US at 176-77. The court accordingly granted defendant's motion to suppress.

On appeal, the state argues that the trial court erred in ruling that the attorney's invocation was effective under the Fifth Amendment. The state reasons: "Federal interpretation of Fifth Amendment law precludes a person from invoking his or her Fifth Amendment rights anticipatorily and limits invocations to the setting of custodial interrogation." As we understand the state's argument on appeal, it takes the position that a Fifth Amendment right may not be asserted outside the context of custodial interrogation. Under the state's theory on appeal, it is immaterial whether defendant or defendant's attorney invoked defendant's Fifth Amendment right at arraignment; neither could do so because arraignment does not entail custodial interrogation.[4]

---

"Judge, one last time. The reason that there's a difference has to come from the opinion [in *Roberson*] itself, because *Roberson* says this is all grounded on a determination that the defendant in invoking the right to remain silent has expressed a belief that the defendant is not capable of dealing with the police without counsel present.

"There is nothing in that analysis that would apply to a lawyer invoking the right to remain silent with a client they have not met. They can't express any actual belief or case specific belief."

[4] The state's argument that the invocation was ineffective because it was made outside the context of custodial interrogation derives from a footnote in *McNeil*. The Court had held in *McNeil* that a request for counsel at arraignment, without more, invokes only a defendant's Sixth Amendment right to counsel. 501 US at 178-79. In a footnote, the Court responded to the dissent's prediction that, in the future, " 'competent counsel [will] make sure that they, or their clients, make a statement on the record' invoking the Miranda right to counsel." *Id.* at 182 n 3. The Court explained that it had never held that a Fifth Amendment right could be asserted outside the context of custodial interrogation but that, even if the right could be invoked at arraignment and the dissent's prediction were correct, there was still value to its holding. *Id.*

It is worth noting that the principle that the state draws from the Court's footnote applies without regard to whether "competent counsel * * * *or their clients*"

The state's argument on appeal does not turn on who may assert a Fifth Amendment right to counsel. Rather, it turns on when that right may be asserted.

The initial difficulty with the state's position on appeal is that the state advanced a different theory below. Its theory below turned on who may assert the right, not when it may be asserted. As noted above, the state did not argue before the trial court that defendant could not have personally invoked his Fifth Amendment right to counsel at arraignment. The problem, according to the state, was that his counsel had attempted to invoke that right for him. The state has not pursued that theory on appeal but has argued instead that the right could not be invoked by anyone outside the context of custodial interrogation. The state failed to preserve the theory it raises on appeal, and we do not understand it to pursue on appeal the theory that it raised below. *See State v. Stevens*, 328 Or 116, 122-24, 970 P2d 215 (1998); *Miller v. Salem Merchant Patrol, Inc.*, 165 Or App 266, 272-73, 995 P2d 1206 (2000). The state's unpreserved appellate argument provides no basis for reversing the trial court. *See State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000).

Affirmed.

---

invoke the client's Fifth Amendment right outside the context of custodial interrogation. *See McNeil*, 501 US at 182 n 3 (emphasis added).