Argued and submitted March 19, affirmed July 30, 2003

Jan VINSONHALER
and Heather Vinsonhaler,
*Appellants,*

*v.*

QUANTUM RESIDENTIAL CORPORATION,
*Respondent,*

*and*

Edward RAMEY,
*Defendant.*

0008-07735; A116054

73 P3d 930

Kenneth Ricardo Perry argued the cause and filed the briefs for appellants.

Darleen Ortega argued the cause for respondent. With her on the brief were Jeffrey J. Schick and Davis Wright Tremaine LLP.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiffs initiated this civil action arising out of incidents of sexual harassment committed by Ramey, an employee of defendant Quantum Residential Corporation. The trial court granted defendant's summary judgment motions and dismissed four of plaintiffs' claims and a portion of three other claims. Plaintiffs appeal, arguing that the existence of genuine issues of material fact preclude the entry of summary judgment as to any portions of any of their claims. We conclude that we lack jurisdiction to review the entry of summary judgment as to portions of plaintiffs' claims. As for the entry of summary judgment on the remaining claims, we affirm.

The relevant facts are not in dispute. Defendant manages apartments. Ramey worked for defendant as a resident manager. He maintained an office in his apartment. Defendant hired plaintiff Heather Vinsonhaler in August 1998 to assist Ramey. Three months later, defendant hired plaintiff Jan Vinsonhaler also to assist Ramey. Both worked in Ramey's office. During the course of their employment, Ramey sexually harassed both plaintiffs on a number of occasions by engaging in improper and offensive physical contact and by making uninvited and distasteful comments about plaintiffs' anatomy.

On December 8, 1998, Heather Vinsonhaler faxed a letter to defendant complaining about Ramey's conduct. The following day, Jan Vinsonhaler faxed a similar letter to defendant. Defendant fired Ramey the day after that. Defendant told plaintiffs that they would not have to work with Ramey again. A few days later, however, defendant sent plaintiff Jan Vinsonhaler back to the office, where Ramey was still living. Ramey had apparently refused to leave his apartment-office until defendant initiated an action for eviction.

Plaintiffs initiated this action, alleging against defendant claims for negligence and negligent hiring and supervision, as well as claims for violations of state and federal sexual harassment laws and for assault, battery, and intentional infliction of emotional distress based on vicarious

liability. Plaintiffs also alleged claims against Ramey, but he did not appear; a default judgment was entered against him, and he is not a party to this appeal.

Defendant moved for summary judgment on each of the claims. The trial court granted the motion as to plaintiffs' claims for negligent hiring and supervision on the ground that plaintiffs produced no evidence that defendant knew or should have known that Ramey was sexually harassing them. The court also granted the motion as to plaintiffs' claims for assault, battery, and intentional infliction of emotional distress on the ground that plaintiffs failed to produce evidence of defendant's vicarious liability, namely, that Ramey acted within the course and scope of his employment when he harassed them. As for the motions against the negligence and sexual harassment claims, the trial court concluded that, as a matter of law, plaintiffs could not proceed against defendant as to any alleged harassment that occurred before Ramey's termination; the court also concluded, however, that plaintiffs could proceed with those claims as to any harassment that occurred after Ramey's termination but before he was evicted from the apartment. The court entered an ORCP 67 B judgment dismissing entirely the claims for negligent hiring and supervision, assault, battery, and intentional infliction of emotional distress and dismissing in part the remaining state and federal sexual harassment claims and the claim for negligence.

On appeal, plaintiffs advance four assignments of error. None of the assignments conforms to the requirements of the rules of appellate procedure; none, for example, identifies the precise ruling that is the focus of the challenge, much less provides the verbatim quotation that the rules require. ORAP 5.45(3) ("Each assignment shall identify precisely the legal, procedural, factual, or other ruling that is being challenged."). Most attack the reasoning of the trial court and not any particular ruling. We have done our best to identify correctly the intended focus of each assignment.

The first assignment is that the trial court

"misconstrued applicable legal precedent, invaded the province of the jury, and otherwise erred in ruling that Defendant Ramey was not acting within the scope of his

employment as a matter of law when he sexually harassed the plaintiffs."

We understand the assignment to be that the trial court erred in granting defendant's motion for summary judgment on the assault, battery, and intentional infliction of emotional distress claims, each of which requires proof that Ramey acted within the scope of his employment to establish defendant's vicarious liability for Ramey's acts. Plaintiffs argue that, because it is undisputed that Ramey's sexual harassment occurred during work hours in the apartment that he used as his office, "a reasonable juror could readily find that Ramey's conduct occurred while Ramey was supervising plaintiffs."

Defendant argues that it is not sufficient to establish that sexual harassment occurred within the scope of employment. According to defendant, it must also be shown that the employee engaging in the harassment was motivated at least in part by a purpose to serve the employer and that such conduct is of a kind that the employee was hired to perform. In this case, defendant argues, there is no evidence of either element.

■ ■ We agree with defendant. Under the doctrine of *respondeat superior*, an employer is vicariously liable for an employee's tortious conduct when the employee acts within the course and scope of employment. *Chesterman v. Barmon*, 305 Or 439, 442, 753 P2d 404 (1988). To establish that the employee acted "within the course and scope" of employment requires proof of three things: (1) the tortious act must have "occurred substantially within the time and space limits authorized by the employment"; (2) the employee must have been "motivated, at least partially, by a purpose to serve the employer"; and (3) the employee's act "is of a kind which the employee was hired to perform." *Id.*

In this case, there is no dispute that Ramey committed sexual harassment during the time and space limits authorized by the employment. The only question is whether plaintiffs offered evidence sufficient to create a jury question as to whether Ramey also was motivated, at least partially, by a purpose to serve defendant and whether his conduct was of a kind that defendant hired him to perform. ORCP 47 C;

*Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997). If plaintiffs failed to establish at least a jury question as to either element, the trial court did not err in entering summary judgment in favor of defendant. *Miller v. Salem Merchant Patrol, Inc.*, 165 Or App 266, 271, 995 P2d 1206 (2000).

We begin with whether there is evidence that Ramey was motivated in part by a purpose to serve defendant. The focus of the inquiry is not necessarily whether an employee's tortious conduct itself was intended to serve the employer but, rather, whether the employee engaged in conduct that was intended to serve the employer and that conduct resulted in the acts that injured the plaintiff. Thus, in *Fearing v. Bucher*, 328 Or 367, 375, 977 P2d 1163 (1999), the Supreme Court held legally sufficient an allegation in a claim for sexual abuse by a priest that the priest acted to serve the Archdiocese when he cultivated with the plaintiff a relationship of trust that led to the abusive conduct. *See also Lourim v. Swensen*, 328 Or 380, 386, 977 P2d 1157 (1999) (allegation that Boy Scout leader cultivated a relationship of trust with the plaintiff and his family sufficient to establish motive element in claim against the Boy Scouts for the leader's sexual abuse).

In this case, there is no evidence that Ramey cultivated a relationship of trust that facilitated his commission of tortious acts. There is no evidence that Ramey engaged in conduct of any sort that was intended to serve defendant and that that conduct resulted in sexual harassment. Plaintiffs insist that, because the sexual harassment occurred during work hours, "a jury could readily infer that at some point (during a 6, 7, or 8 hour work day) * * * Ramey actually did some work for Quantum Residential." The point, however, is not whether, at some point during the day, Ramey engaged in work for defendant, it is whether the work that he did for defendant resulted in sexual harassment. There is no evidence of that.

Plaintiffs further insist that the use of Ramey's apartment as an office created the opportunity for the harassment to occur. The fact that employment provided an

opportunity to engage in tortious conduct, however, is insufficient to establish the requisite nexus with employment as a matter of law. *Fearing*, 328 Or at 376. We conclude that the trial court did not err in entering summary judgment on the claims for assault, battery, and intentional infliction of emotional distress.

■     Plaintiffs' second assignment is that the trial court erred in "misconstruing the purpose, scope and application" of the state and federal sexual harassment laws. We understand the focus of that assignment to be the trial court's decision to dismiss at least part of both the state and federal sexual harassment claims. So construed, we must decline to address the assignment, because it is not properly before us. The trial court's ORCP 67 B judgment did not dispose of all of either the state or federal statutory claim. Instead, it dismissed the portion of both claims that arose out of conduct that occurred before Ramey was terminated from defendant's employ. We may review an ORCP 67 B judgment only to the extent that it disposes of all claims against a party or whole claims. *Lesch v. Dewitt*, 317 Or 585, 589, 858 P2d 872 (1993). We express no opinion on the merits of the trial court's decision regarding the sexual harassment claims at this juncture.

Plaintiffs' third assignment is that the trial court erred "by invading the province of the jury regarding the resolution and disposition of a number of material factual questions in this case." There follows in their brief a list of "examples" of issues, for instance, whether plaintiffs received notice of a written policy against sexual harassment, whether defendant provided sexual harassment training to its employees, and whether plaintiffs acknowledged receiving an employee handbook. Plaintiffs never explain what claims are involved or what evidence creates a genuine issue of material fact as to any such claims. So far as we can tell, all of the issues that plaintiffs identify pertain to the state and federal sexual harassment claims, which, as we have explained, are not properly before us. We reject the third assignment without further explanation.

The final assignment is that the trial court exhibited "bias" because various of its rulings "almost exclusively

favored Quantum Residential." We reject the assignment without discussion.

Affirmed.