Argued and submitted May 29, 2003, appeals and cross-appeal dismissed
February 18, 2004

AK MEDIA GROUP, INC.,
a Washington corporation,
dba AK Media/Northwest,
*Respondent,*

*v.*

CITY OF PORTLAND,
*Appellant.*

9801-00125; A104583 (Control)

AK MEDIA GROUP, INC.,
a Washington corporation,
dba AK Media/Northwest,
*Appellant - Cross-Respondent,*

*v.*

CITY OF PORTLAND,
*Respondent - Cross-Appellant.*

A108155
(Cases Consolidated)

84 P3d 1088

Donald Joe Willis argued the cause for appellant - cross-respondent AK Media Group, Inc. With him on the combined respondent's cross-answering brief and appellant's reply brief were Michael T. Garone, Jill S. Gelineau, and Schwabe, Williamson & Wyatt, P.C. On the opening brief were Karen O'Kasey, Michael T. Garone, and Schwabe, Williamson & Wyatt, P.C.

Tracy Pool Reeve argued the cause and filed the briefs for respondent - cross-appellant City of Portland.

Joseph R. Cotter filed the nonaligned *amicus curiae* brief *pro se*.

Before Edmonds, Presiding Judge, and Schuman and Ortega,* Judges.

ORTEGA, J.

---

* Ortega, J., *vice* Kistler, J., resigned.

**ORTEGA, J.**

Plaintiff AK Media Group, Inc. (AK Media) originally asserted four claims for relief against defendant City of Portland (the city) challenging the city's sign regulations. The trial court awarded summary judgment to AK Media on portions of two of its claims and entered a judgment pursuant to ORCP 67 B (the first judgment), but reserved issues on those two claims. The city appealed from that judgment and, in the meantime, AK Media's remaining two claims were tried to the court. The trial court entered a "final judgment" (the second judgment) only as to those remaining claims, leaving unresolved the issues reserved in the first judgment. AK Media appealed the second judgment and the city cross-appealed. The appeal from the first judgment and the appeals from the second judgment were consolidated. We now dismiss both parties' appeals for lack of a final judgment and deny AK Media's request that we give the trial court leave under ORS 19.270(4) (2001)[1] to amend the second judgment.

A review of the various claims for relief and their attempted disposition is helpful in understanding the need for a dismissal. The trial court disposed of AK Media's first claim, concerning the constitutionality of a moratorium on sign permits, and neither party's appeal addresses that claim.[2] In its second and third claims, AK Media asserted that the city's sign regulations violated the Oregon Constitution and sought declaratory and injunctive relief. In its fourth claim, AK Media sought damages, attorney fees, and possibly injunctive relief under 42 USC section 1983 for essentially the same alleged problems that were the subject of the second and third claims.

---

[1] ORS 19.270(4) was amended in 2003. Because "the amendments to ORS * * * 19.270 * * * apply only to the appeal of judgments entered on or after the effective date of this 2003 Act," we apply the 2001 version of ORS 19.270(4). Or Laws 2003, ch 576, § 90a. References in this opinion to ORS 19.270(4) are to the 2001 version.

[2] What we term AK Media's "first claim" was a combination of two claims: a writ of review and a first claim for relief in addition to writ of review. The trial court dismissed the writ of review as moot at the outset of trial; judgment was entered for the city on the first claim for relief in addition to writ of review. Neither is before us on appeal.

■    The first judgment addressed the second and third claims but did not entirely dispose of them. It did not address AK Media's request in the second claim for declaratory relief as to certain regulations. It also did not address an apparent request for declaratory relief in the third claim, nor did it address that claim's request for injunctive relief. Moreover, it specifically "retain[ed] jurisdiction for all further * * * relief on the second and third claims." Instead of resolving the reserved issues left by the first judgment, the second judgment expressly excluded from its purview AK Media's second and third claims, finally disposing of the first and fourth claims only.

Therefore, it appears that there is no judgment disposing of some of AK Media's requests for declaratory relief in the second and possibly third claims or of its request for injunctive relief in the third claim. The first judgment as written is not appealable because it reserves judgment as to portions of those claims rather than disposing of whole claims. *See Vinsonhaler v. Quantum Residential Corp.*, 189 Or App 1, 7, 73 P3d 930 (2003). The second judgment is not appealable because it does not dispose of all remaining claims and is not designated an ORCP 67 B judgment as to the claims that it does resolve. Accordingly, this court is without jurisdiction to review either of the judgments at issue in these consolidated appeals.    .

■    In response to our order to show cause why we should not dismiss the appeals, AK Media has requested that we give the trial court leave to amend the second judgment pursuant to ORS 19.270(4)[3] to transform it into a judgment authorized by ORCP 67 B on plaintiff's first and fourth claims for relief. We decline to do so for the following reasons.

---

[3] ORS 19.270(4) provides, in pertinent part:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form * * *."

Although the trial court apparently "intended to enter an appealable judgment," as required by ORS 19.270(4), it did not intend to enter a judgment authorized by ORCP 67 B, which requires a determination that there is "no just reason for delay" in entering judgment on some issues while the other issues remain pending in the trial court. Such a determination—in an entirely different context from what was originally presented—would be necessary in order to convert the second judgment into a judgment authorized by ORCP 67 B and arguably goes beyond corrections to a judgment that is "defective in form," as contemplated by ORCP 19.270(4)(b). In all events, we need not decide that question because entry of an order under ORS 19.270(4) is a matter for our discretion. *See Maduff Mortgage Corp. v. Deloitte Haskins & Sells,* 83 Or App 15, 17, 730 P2d 558 (1986), *rev den,* 303 Or 74 (1987).[4] Due to the overlapping nature of the claims at issue, retroactively turning the second judgment (which addresses whether the city's sign regulations violate the federal constitution) into a judgment authorized by ORCP 67 B and reviewing it apart from a judgment on the second and third claims (which address whether the sign regulations violate the Oregon Constitution) would complicate rather than simplify matters and likely would result in further delay. Accordingly, we decline to exercise our discretion to give the trial court leave to enter such a judgment.

The complications that would arise fall into three categories. First, the parties filed briefs and identified assignments of error based on their assumption that there was a final disposition of the second and third claims for relief. For example, in the course of challenging the trial court's failure to award injunctive relief on its fourth claim, AK Media suggests that it would not have requested such relief under section 1983 if the trial court had awarded that relief under the Oregon Constitution, as AK Media sought in its third claim. It now appears that AK Media's challenges to the failure to award injunctive relief on its fourth claim arise only because of the lack of final resolution on the third claim, rather than because of an adverse determination by the trial

_____

[4] *Maduff Mortgage Corp.* was decided based on *former* ORS 19.033(4) (1985), which was identical to ORS 19.270(4).

court. We are not inclined to speculate regarding what AK Media's assignments of error would have been had it not mistakenly assumed that final resolution had been reached on the third claim.

The assignments of error in the city's cross-appeal pose similar problems. For example, the city's third assignment of error addresses some issues relating to the first judgment but also addresses an issue relating to the second judgment. The city argues that the trial court erred in adjudicating AK Media's federal constitutional claim when it had already received all the relief to which it was entitled under the Oregon Constitution. Reviewing an amended second judgment in isolation from resolution of AK Media's state constitutional claims would require us to decide whether to review some but not all of the city's assignments of error.

The second category of problems arises because our "first things first" rule of analysis would require us to forego review of some issues included in the assignments of error addressing the second judgment. In *Sterling v. Cupp,* 290 Or 611, 614, 625 P2d 123 (1981), the Supreme Court set out the process for analyzing constitutional issues as follows:

> "The proper sequence is to analyze the state's law, including its constitutional law, before reaching a federal constitutional claim. This is required, not for the sake either of parochialism or of style, but because the state does not deny any right claimed under the federal Constitution when the claim before the court in fact is fully met by state law."

Here, the trial court did not finally resolve whether the design review guidelines or certain sign regulations violate the Oregon Constitution (issues reserved in the first judgment and not resolved in the second judgment), yet some of those same guidelines and regulations were included in the second judgment's resolution of AK Media's federal constitutional claim. The "first things first" rule would not allow us to review whether those guidelines and regulations violate the federal constitution before final resolution of the state constitutional analysis that is yet to be completed on AK Media's second and third claims. Remand on those issues would be required, causing further delay.

The third category of problems arises because Oregon Supreme Court case law may prevent any review of the second judgment (which addresses federal constitutionality) before the pending state constitutional analysis. In its third assignment of error on cross-appeal, the city contended that AK Media was not entitled to consideration of its federal constitutional claim because its claims had been fully resolved under the state constitution in the first judgment. *See Oregon State Police Assn. v. State of Oregon,* 308 Or 531, 537-39, 783 P2d 7 (1989), *cert den,* 498 US 810 (1990) (holding that a combined section 1983 and Oregon constitutional claim was fully remedied by declaratory judgment of unconstitutionality under the Oregon Constitution, even though additional relief in the form of attorney fees would have been available for the section 1983 claim). AK Media contended that, because its federal constitutional claim requested compensatory damages and attorney fees, relief not available for a violation of the state constitution,[5] its claim was not fully met by resolution of the state constitutional issues. But if the city is correct that we may not review the second judgment until the state constitutional claims are fully resolved, then granting the trial court leave to turn the second judgment into a judgment authorized by ORCP 67 B will do little to expedite final resolution of this case and may even delay it.

For all these reasons, we conclude that allowing the trial court leave to amend the second judgment under ORS 19.270(4) would not serve a useful purpose. Reviewing the second judgment apart from the first judgment on the record before us would require us to determine which of several mixed assignments of error are properly before us, and certain issues clearly are not reviewable because of our "first things first" methodology. Moreover, review of the second judgment might be impossible in any event, depending on resolution of the substantive issue of whether AK Media's claims can be fully resolved under state constitutional analysis. Accordingly, we decline to allow any further amendment of the second judgment and dismiss the consolidated appeals for lack of a final judgment. Following our dismissal of their appeals, the parties may go back to the trial court and

---

[5] *See Barcik v. Kubiaczyk,* 321 Or 174, 189-91, 895 P2d 765 (1995).

obtain a judgment that finally disposes of all of AK Media's claims. Then, if either party desires, it may initiate an appeal addressing resolution of those claims.

Appeals and cross-appeal dismissed.