**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY MOTT and AGINA BRACKETT, | No. 09-35641 |
| Plaintiffs - Appellants, | D.C. No. 6:07-cv-06370-HO |
| v. | |
| OFFICE DEPOT, INC., a Delaware corporation licensed in Oregon, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted May 7, 2010
Portland, Oregon

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

Amy Mott ("Mott") and Agina Brackett ("Brackett") (collectively,

"Plaintiffs") appeal the district court's grant of summary judgment to Office Depot,

Inc. ("Office Depot"). Plaintiffs sued Office Depot for sexual harassment, sex

discrimination, and retaliation under Title VII and O.R.S. 659A.030, and for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violations of the FMLA, the OFLA, and state common law.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.

This court reviews de novo the district court's grant of summary judgment to determine whether any genuine issues of material fact remain and whether the district court correctly applied the relevant substantive law.  *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1053 (9th Cir. 2007).  "All reasonable inferences must be drawn in the nonmoving party's favor, but are limited to those upon which a reasonable jury might return a verdict."  *Id.* (internal quotation marks omitted).  This court may affirm where the district court reached a correct result, even if the district court relied on an erroneous ground.  *Id.*

## II.

Plaintiffs asserted five claims against Office Depot.

## A.

The district court correctly granted summary judgment to Office Depot on Plaintiffs' hostile environment claim for sexual harassment under Title VII and O.R.S. 659A.030.  No reasonable jury could find that Plaintiffs established a prima facie case of a hostile work environment.  *Kortan v. Cal. Youth Auth.*, 217 F.3d

[1]  Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

2

1104, 1109–10 (9th Cir. 2000). Even if Plaintiffs could make such a prima facie case, no triable issue of fact remains as to the elements of Office Depot's affirmative defense to vicarious liability for Klesh's conduct: Office Depot exercised reasonable care to prevent his conduct through its anti-harassment policy and telephone hotline, and to correct his conduct through a prompt investigation and termination of Klesh. *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183–84 (9th Cir. 2005). No reasonable jury could find that the reduction in Plaintiffs' hours due to Payroll Refresh, or Mott's alleged constructive discharge months later, was a "tangible employment action" related to Klesh's conduct. *Id.* at 1184.

**B.**

The district court correctly granted summary judgment to Office Depot on Plaintiffs' *quid pro quo* sexual harassment claim under Title VII and O.R.S. 659A.030. Klesh did not have authority over Mott when he told her that he would give her the hours she wanted if she would come work for him at another store, and no reasonable jury could find that the slight, temporary fluctuation in Brackett's hours under Klesh's supervision related to her rejection of his conduct. *See Craig*, 496 F.3d at 1054.

**C.**

The district court correctly granted summary judgment to Office Depot on Plaintiffs' sex discrimination claim under Title VII and O.R.S. 659A.030.

3

Although Office Depot fired Mott, she conceded her job performance was inadequate, and offered no evidence that she was treated differently from other similarly situated employees. *Kortan*, 217 F.3d at 1113. No reasonable jury could find that Office Depot reduced Plaintiffs' hours more than those of similarly situated male employees. *Id.*

**D.**

The district court correctly granted summary judgment to Office Depot on Mott's retaliation claim under Title VII and O.R.S. 659A.030.[2] No reasonable jury could find a causal link between Mott's resistance to Klesh's conduct and her reduction in hours due to Payroll Refresh. *Kortan*, 217 F.3d at 1112. Nor could a reasonable jury find a causal link between Mott's participation in the investigation of Klesh and her eventual termination for poor attendance. *Id.* Even if Mott could make a prima facie case, Mott failed to rebut Office Depot's legitimate reason to fire her for recurrent attendance problems. *Hardage*, 427 F.3d at 1188.

**E.**

The district court correctly granted summary judgment to Office Depot on Plaintiffs' claim for intentional infliction of emotional distress ("IIED") and reckless infliction of emotional distress ("RIED") under Oregon law. *See Wheeler*

---

[2] Brackett does not appeal the grant of summary judgment to Office Depot on her sex retaliation claim.

4

*v. Marathon Printing, Inc.*, 974 P.2d 207, 217 (Or. App. 1998) ("[M]ere nonresponsiveness to claims of workplace harassment is insufficient to support liability for IIED."). In any event, no reasonable jury could find that Office Depot was nonresponsive given that it conducted a prompt investigation and then fired Klesh. Plaintiffs also cannot hold Office Depot vicariously liable under the doctrine of *respondeat superior* because no reasonable jury could find Klesh acted "within the course and scope of employment" when he harassed Plaintiffs. *Vinsonhaler v. Quantum Residential Corp.*, 73 P.3d 930, 932 (Or. App. 2003). Plaintiffs waived their RIED claims because they did not specifically and distinctly argue those claims in their opening brief. *Laboa v. Calderon*, 224 F.3d 972, 981 n.6 (9th Cir. 2000). In any event, no reasonable jury could find Office Depot's actions were outrageous. *See McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995).

### III.

Mott asserted three additional claims against Office Depot.

### A.

The district court correctly granted summary judgment to Office Depot on Mott's claim for interference with rights provided by the FMLA and the OFLA. Mott was not eligible for FMLA leave because she had worked at Office Depot for

less than a year. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 n.2 (9th Cir. 2001). Nor was she eligible for OFLA leave because she had worked for Office Depot an average of fewer than 25 hours per week for the three months prior to her leave. O.R.S. § 659A.156(1)(b). Thus, Office Depot could not interfere with FMLA and OFLA rights Mott had yet to acquire. We need not decide whether Office Depot is estopped from asserting Mott's ineligibility for FMLA and OFLA leave due to its representation that she was eligible for such leave, because Mott did not detrimentally rely on any such representation. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123 (9th Cir. 2008).

**B.**

The district court correctly granted summary judgment to Office Depot on Mott's retaliation claim under the FMLA and the OFLA. Mott did not engage in an activity protected by the FMLA or the OFLA when she complained that Office Depot would not allow her to work, or pay her for past work, without a signed release to work form; the FMLA and the OFLA allow employers to require such a form. 29 C.F.R. § 825.312; O.R.S. 659A.171(4)(a). While Mott complained that her medical leave should not be used against her for an attendance-related disciplinary action, her complaint came *after* that action; thus, the disciplinary action could not be in retaliation for her complaint.

6

## C.

The district court correctly granted summary judgment to Office Depot on Mott's wrongful discharge claim under Oregon law. No reasonable jury could find that Mott was subject to a constructive discharge—i.e., that Office Depot intentionally created or maintained intolerable working conditions with the desire to cause Mott to leave her employment at Office Depot. *McGanty*, 901 P.2d at 856–57. Mott was disciplined for poor attendance, and she resigned because she refused to comply with the expectation that she show up for work without any attendance problems.

**AFFIRMED.**